THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFERY M. KINZLE,

                              Petitioner,

         v.

MIKE OBENLAND,

                              Respondent.

CASE NO. C14-0703-JCC

ORDER

        This matter comes before the Court on Petitioner's objections (Dkt. No. 86) to the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 78). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby finds oral argument unnecessary and OVERRULES Petitioner's objections, APPROVES and ADOPTS the report and recommendation, DENIES Petitioner's petition for a writ of habeas corpus, and DISMISSES the case with prejudice for the reasons explained herein.

I.      BACKGROUND

        Judge Peterson's report and recommendation sets forth the underlying facts of this case and the Court will not repeat them here except as relevant. (*See id.* at 1–8.) Petitioner brings this habeas action under 28 U.S.C. § 2254 to challenge his convictions of failing to register as a sex offender (Count I), indecent liberties by forcible compulsion (Count II), and first-degree child molestation (Count III). (*Id.* at 2–3.) Judge Peterson recommends that the Court deny Petitioner's

ORDER
C14-0703-JCC
PAGE - 1

1  habeas petition and dismiss the case with prejudice. (*See id.* at 41.)

2  　　　Petitioner has filed several objections to the report and recommendation. (Dkt. No. 86.)

3  First, Petitioner objects to the report and recommendation's rejection of his claim that his trial

4  counsel was ineffective when she did not investigate his mental state. (*Id.* at 14.) Second,

5  Petitioner objects to the report and recommendation's rejection of his claim that his trial counsel

6  was ineffective when she did not join his motion for new counsel constituted ineffective

7  assistance of counsel. (*Id.* at 17–20.) Third, Petitioner requests a certificate of appealability if the

8  Court accepts Judge Peterson's report and recommendation. (*Id.* at 22.)

9  **II.     DISCUSSION**

10  　　　**A.      Standard of Review**

11  　　　A district court reviews *de novo* those portions of a report and recommendation to which

12  a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to

13  enable the district court to "focus attention on those issues—factual and legal—that are at the

14  heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

15  　　　State prisoners may collaterally attack their detention in federal court if they are held in

16  violation of the Constitution or the laws and treaties of the United States. 28 U.S.C. § 2254(a).

17  And, under the standards imposed by the Antiterrorism and Effective Death Penalty Act of 1996

18  ("AEDPA"), a federal court may grant a habeas corpus petition with respect to any claim

19  adjudicated on the merits in state court only if the state court's decision (1) "was contrary to, or

20  involved an unreasonable application of, clearly established federal law, as determined by the

21  Supreme Court"; or (2) "was based on an unreasonable determination of the facts in light of the

22  evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). The federal court may

23  find constitutional error only if the state court's conclusion was "more than incorrect or

24  erroneous. The state court's application of clearly established law must be objectively

25  unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (internal citations omitted).

26  　　　A federal court may not overturn state court findings of fact "absent clear and convincing

evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The petitioner carries the burden of proof and the court is "limited to the record before the state court that adjudicated the claim[s] on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (internal citations omitted).

If the federal court finds there was a constitutional error, a habeas petitioner is not entitled to relief unless the error had a "substantial and injurious effect or influence on the" factfinder. *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (extending *Brecht v. Abrahamson*, 507 U.S. 619 (1993), to a federal court's collateral review of a state court criminal judgment on a habeas petition). This has been called the "harmless error" standard. *See Kotteakos v. United States*, 328 U.S. 750 (1946). In applying the harmless error standard, the federal court must determine whether the error substantially influenced the factfinder, rather than placing the burden on the petitioner to show harmful error. *O'Neal v. McAninch*, 513 U.S. 432, 436–37 (1995).

**B.**    **Ineffective Assistance of Trial Counsel for Failure to Consider, Investigate, and Evaluate Petitioner's Mental State**

Petitioner argues his trial counsel was ineffective because she failed to consider, investigate, and evaluate Petitioner's mental state and therefore failed to ensure that he was being properly medicated while he was awaiting trial. (Dkt. Nos. 60 at 34–36, 78 at 17.) Petitioner alleges that his trial counsel's deficiencies in relation to his mental state deprived him of the ability to understand and intelligently consider a favorable plea offer, which he claims he would have accepted had he benefited from reasonably effective representation. (*See* Dkt. No. 60 at 34–36, 39.)

Judge Peterson rejected this claim after reviewing the state court record and applying AEDPA deference. (Dkt. No. 78 at 17–24.) Petitioner objects to Judge Peterson's conclusion on two grounds: (1) AEDPA deference was inappropriate because the state court decision was

contrary to clearly established federal law, and (2) Judge Peterson only addressed the prejudice prong of *Strickland* and did not address trial counsel's alleged deficiencies, rendering AEDPA deference inappropriate under Ninth Circuit law. (*See* Dkt. No. 86 at 3–4, 14–15.)

### 1. *Legal Standard*

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland*. *See id.* Under that test, a defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–94. To prevail under *Strickland*, a defendant must make both showings. *See id.* at 687.

When considering the first prong of the *Strickland* test, judicial scrutiny is highly deferential. *Id.* at 689. There is a strong presumption that counsel's performance fell within the wide range of "reasonably effective assistance." *Id.* A defendant can overcome that presumption by showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

The second prong requires a showing of actual prejudice. Thus, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "Counsel's deficient performance must have been 'so serious as to deprive the defendant of a fair trial.'" *Avena v. Chappell*, 932 F.3d 1237, 1248 (9th Cir. 2019) (internal citations omitted). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Furthermore, in circumstances where a plea bargain has been offered, "a defendant has the right to effective

assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012).

Finally, while the Supreme Court established the legal principles that govern claims of ineffective assistance of counsel in *Strickland*, it is not the role of a federal habeas court to evaluate whether defense counsel's performance fell below the *Strickland* standard. *See Harrington v. Richter*, 562 U.S. 86, 88 (2011). Rather, when considering an ineffective assistance of counsel claim on federal habeas review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* As the Supreme Court explained in *Harrington*, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

### 2. *Objections*

Petitioner makes several arguments against the state court decisions receiving AEDPA deference. First, he argues that deference is inappropriate because the state court decision was contrary to clearly established federal law under *Strickland* and *Lafler*. (*See* Dkt. No. 86 at 2–4, 14.) Petitioner's primary support for this argument comes from the Washington Supreme Court Commissioner's decision denying discretionary review. Specifically, the Commissioner concluded his decision by stating Petitioner did not demonstrate "that he is raising issues of substantial public interest or constitutional issues of sufficient significance to merit this court's review of the Court of Appeals decision." (Dkt. Nos. 67-2 at 350, 86 at 3–4.) Based on that single sentence in the Commissioner's decision, Petitioner claims that the Commissioner applied a standard that was contrary to federal law. (Dkt. Nos. 67-2 at 350, 86 at 3.)

As stated in the report and recommendation, the Commissioner's decision cannot be read without reference to the Court of Appeals' decision. (Dkt. No. 78 at 23.) Notably, the Commissioner's decision makes multiple direct references to the merits of the Court of Appeals'

decision. (*See* Dkt. Nos. 67-2 at 345–50, 78 at 21.) And, as Judge Peterson recognized, the Court of Appeals' decision—which Petitioner does not challenge—expressly adjudicated this issue on the merits under *Strickland* and *Lafler*. (*See* Dkt. No. 78 at 22.) The Commissioner effectively endorsed the Court of Appeals' conclusion in his ruling denying review. (*See* Dkt. Nos. 67-2 at 345–50, 78 at 23.)

 Thus, the Court is assured by the Commissioner's report that the Court of Appeals' decision resolved Petitioner's claim on the merits and applied the appropriate constitutional standard, regardless of Petitioner's construction of a single sentence in the Commissioner's decision. (Dkt. No. 67-2 at 345–50). Therefore, the Court agrees with the report and recommendation's application of AEDPA deference to this claim.

Second, Petitioner argues that the report and recommendation improperly focused only on *Strickland*'s prejudice prong when it should have also addressed his trial counsel's alleged deficiency. (*See* Dkt. No. 86 at 14–16.) However, the Court of Appeals did not reach the issue of whether Petitioner's counsel was deficient. (Dkt. Nos. 67-2 at 272, 282, 78 at 22). Instead, the Court of Appeals resolved the claim on the basis that Petitioner had not shown a reasonable probability that he would have accepted the guilty plea offer but for counsel's allegedly deficient advice and representation. (*See id.*) Specifically, the Court of Appeals reasoned that the link between his trial counsel's alleged deficiency and Petitioner's refusal of the plea offer was "speculative and tenuous" and relied on many self-serving assumptions. (*Id.* at 10–11.) In a footnote, the Court of Appeals explicitly stated that "[i]n light of [its] disposition [on the prejudice prong], [it] [would] not consider [Petitioner]'s claim that [his counsel]'s performance was deficient." (Dkt. No. 67-2 at 282.)

The Court therefore need not address Petitioner's trial counsel's alleged deficiencies that Petitioner raises in his habeas petition because the state courts reasonably limited their discussion to whether Petitioner was prejudiced and the Court of Appeals addressed that issue on the merits. (*See* Dkt. Nos. 71 at 3–15, 78 at 22.) Nonetheless, Petitioner repeats the same arguments about

1  his trial counsel's alleged deficiencies in his objection to the report and recommendation on this

2  ground. (*See* Dkt. No. 86 at 15–16.) He asserts that had his trial counsel investigated his mental

3  health and ordered an evaluation, he would have been treated and reached a mental state in

4  which he would have accepted the plea offer—despite his previously stated desire to make the

5  state prove its case against him. (*Id.*) As Judge Peterson explained, "[w]hile it does appear that

6  the medications Petitioner has been provided since his entry into DOC custody have been

7  beneficial to him, this evidence does nothing to undermine the state courts' conclusion that the

8  causal chain between counsel's alleged deficiencies and Petitioner's rejection of the plea offer is

9  too tenuous to establish actual prejudice." (Dkt. No. 78 at 24.) The Court agrees with the

10 reasoned conclusions of the Court of Appeals and Judge Peterson on this ground.

11          In sum, the Court of Appeals adjudicated Petitioner's ineffective assistance of counsel

12 claims on the merits and properly received AEDPA deference. Therefore, the Court

13 OVERRULES Petitioner's objections on this ground.

14          **C.      Ineffective Assistance of Trial Counsel for Failure to Withdraw as**
15 **                  Petitioner's Counsel**

16          Next, Petitioner argues his trial counsel was ineffective when she (1) refused to join in

17 Petitioner's request for new counsel despite acknowledging the relationship was irretrievably

18 broken, (2) followed an office policy of not moving to withdraw, and (3) failed to fully inform

19 the trial judges about the nature and extent of the communication problems between her and

20 Petitioner. (Dkt. No. 78 at 24.)

21          Petitioner first presented this argument to the state courts in his most recent personal

22 restraint petition. (*See id.*) The Court of Appeals declined to consider the claim because the court

23 had already held on direct appeal of Petitioner's indecent liberties conviction that the trial court

24 did not err in denying Petitioner's motion to substitute counsel. (*Id.* at 24–25.) Subsequently, the

25 Commissioner declined to address the Court of Appeals' rationale when he concluded that

26 Petitioner's claim was time barred under Wash. Rev. Code § 10.73.090 because Petitioner filed

his personal restraint petition more than one year after his indecent liberties conviction became final. (*See* Dkt. No. 67-2 at 348.)

Judge Peterson rejected Petitioner's claim after reviewing the state court record and finding that (1) the Ninth Circuit has upheld the constitutionality of Wash. Rev. Code § 10.73.090, Washington's procedural time bar statute for an ineffective assistance of counsel claim, and (2) Petitioner did not qualify for an equitable exception to the time bar under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*See id.* at 24–28.) Petitioner objects to Judge Peterson's reasoning, arguing again that the Commissioner did not resolve the claim on the merits and that the equitable exception under *Martinez* applies because of Petitioner's trial counsel's deficiencies. (Dkt. No. 86 at 17–18.)

### 1. *Legal Standard*

If the last state court to decide the issue clearly and expressly states that its judgment rests on a state rule of procedure, the habeas petitioner is barred from asserting the same claim in a later federal habeas proceeding. *Harris v. Reed*, 489 U.S. 255 (1989). When a prisoner defaults on his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can (1) demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or (2) demonstrate that the district court's failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

For a state procedural rule to be "independent," the state rule must not rest primarily on federal law or be interwoven with federal law. *Coleman*, 501 U.S. at 734–35 (citing *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). A state procedural rule is "adequate" if it was "firmly established" and "regularly followed" at the time of the default. *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). A state procedural rule is not rendered inadequate simply because it is discretionary. *Id.* at 60–61.

In *Martinez*, the Supreme Court announced a limited qualification to the holding in

1   *Coleman v. Thompson*, 501 U.S. 722. *See Martinez*, 566 U.S. at 8–9. That qualification provides

2   that a prisoner may be excused for violating a procedural rule if they did not have counsel (or

3   had inadequate counsel) to help them prepare their petition for collateral review. *See id.* at 14.

4   However, *Martinez* also clarifies that, in addition to establishing good cause for the procedural

5   defect, a federal habeas petitioner must demonstrate that "the underlying ineffective-assistance-

6   of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that

7   the claim has some merit." *Id.* An ineffective assistance of trial counsel claim is "insubstantial" if

8   "it does not have any merit or . . . is wholly without factual support[.]" *Id.* at 16.

9              2.  *Objections*

10             Here, the Court of Appeals declined to address this ground for relief because it had

11  previously addressed Petitioner's motion to substitute and the Commissioner concluded that the

12  claim was time-barred under Wash. Rev. Code § 10.73.090. (*See* Dkt. Nos. 67-1 at 138–43, 67-2

13  at 56, 348–349.) Petitioner argues that this claim was not adjudicated on the merits in state court

14  because the claim was dismissed by the Commissioner on procedural grounds. (*See* Dkt. No. 86

15  at 4.)

16             Even setting aside the fact that the Court of Appeals did in fact resolve this dispute on the

17  merits, (*see* Dkt. Nos. 67-1 at 143, 67-2 at 56–60), the Commissioner's invocation of

18  Washington's time bar rule constitutes a valid application of a procedural bar. *See Harris*, 498

19  U.S. at 256 ("[A] procedural default will not bar consideration of a federal claim on habeas

20  review unless the last state court rendering a judgment in the case clearly and expressly states

21  that its judgment rests on a state procedural bar."). And the Ninth Circuit has recognized that

22  Washington's time bar statute applied to this claim provides an independent and adequate state

23  procedural ground to bar federal habeas review. *See Casey v. Moore*, 386 F.3d 896, 920 (9th Cir.

24  2004); *Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000).

25             Additionally, Petitioner's second ineffective assistance of trial counsel claim is not

26  eligible for an equitable exception. *See Martinez*, 566 U.S. at 16. As discussed above,

establishing a claim of ineffective assistance of counsel requires a petitioner to demonstrate that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687; *supra* Section II.B.1. And under *Martinez*, Petitioner must show that the underlying *Strickland* claim is substantial, which requires "some merit" or factual support. *Martinez*, 566 U.S. at 16. Judge Peterson found that this claim was resolvable solely on the prejudice prong and agreed with the state courts that the connection between Petitioner's trial counsel's alleged deficiencies and Petitioner's refusal to plead guilty was too tenuous to establish actual prejudice. (*See* Dkt. No. 78 at 78.) Petitioner argues that Judge Peterson erred because she did not address whether his trial counsel was actually deficient and that he would have accepted the plea offer if counsel had acted reasonably or if he had been appointed a new attorney. (*See id.* at 16; Dkt. Nos. 78 at 27, 86 at 17.) But both prongs of the *Strickland* test must be satisfied for Petitioner to be entitled to habeas relief; because Petitioner has not sufficiently demonstrated prejudice, the *Strickland* inquiry need not continue. *See In re Crace*, 280 P.3d 1102, 1108 (Wash. 2012) ("We need not consider both prongs of *Strickland* (deficient performance and prejudice) if a petitioner fails on one.").[1]

Thus, Petitioner's second claim of ineffective assistance of counsel is barred from federal habeas review by Wash. Rev. Code § 10.73.090. *See Harris*, 489 U.S. at 256. And Petitioner is not eligible for an equitable exception under *Martinez*. Therefore, the Court OVERRULES Petitioner's objections on this ground.

### D.   Evidentiary Hearing

Petitioner requests an evidentiary hearing to address the alleged deficiencies in Judge Peterson's report and recommendation. (Dkt. No. 86 at 22.) "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an

---

[1] The Court also notes Petitioner's contemporaneous, contradictory statements in the record that he intended to make the state prove the case against him and that he believed he could "beat" the indecent liberties charge. (*See* Dkt. Nos. 78 at 27–28, 67-1 at 145–46.)

applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The decision to hold an evidentiary hearing is committed to the court's discretion. *See id.* A hearing is not required if the allegations would not entitle the petitioner to relief under 28 U.S.C. § 2254(d). *Id.* Judge Peterson concluded that an evidentiary hearing is not necessary in this case because Petitioner's claims can be resolved on the existing state court record. (*See* Dkt. No. 78 at 17.) The Court agrees and accordingly DENIES Petitioner's request for an evidentiary hearing.

### E.   Certificate of Appealability

When issuing a final order denying a petitioner for a writ of habeas corpus, the court must determine if a certificate of appealability should issue. 28 U.S.C. § 2253. To grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner makes such a showing when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in his third amended petition. *See supra* Sections II.B., II.C. Therefore, Court therefore DENIES Petitioner a certificate of appealability.

## III.   CONCLUSION

The Court has reviewed the balance of the report and recommendation and finds no error. For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Petitioner's objections to the report and recommendation (Dkt. No. 86) are OVERRULED;

2.  The Court APPROVES and ADOPTS the report and recommendation (Dkt. No. 78);

3.  Petitioner's habeas petition (Dkt. No. 60) and this action are DISMISSED with prejudice;

4.  Petitioner is DENIED issuance of a certificate of appealability; and

1    5.   The Clerk is DIRECTED to send copies of this order to the parties and to Judge

2         Peterson.

3    DATED this 21st day of August 2020.

4

5

6

7                                        John C. Coughenour
                                         UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C14-0703-JCC
PAGE - 12